IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE M. SMITH, | ) | CASE NO. 1:12 CV 2165 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Yvonne M. Smith, for disability insurance benefits ("DIB") and supplemental security income ("SSI").

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Smith had severe impairments consisting of depression and an anxiety disorder.[1] Although the ALJ did not find that Smith had a listed impairment, the ALJ did state in his listing analysis that Smith had moderate difficulties with concentration, persistence, and pace.[2] According to the ALJ, she did retain "the ability to complete simple,

---

[1] Transcript ("Tr.") at 10.

[2] *Id.* at 11.

routine work activities."[3] The ALJ made the following finding regarding Smith's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple, routine work involving low stress, (which is defined as tasks involving only occasional changes in the work setting and occasional work-related decisions). The claimant can interact occasionally with co-workers and the general public and she can perform tasks allowing for occasional supervision when she is working in isolated settings.[4]

The ALJ decided that this RFC precluded Smith from performing her past relevant work.[5]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Smith could perform.[6] The ALJ, therefore, found Smith not under a disability.[7]

I recommend that this case be remanded for reconsideration of the RFC finding as to limitations appropriate for Smith's moderate difficulties with concentration, persistence, or pace.

---

[3] *Id.* at 12.

[4] *Id.*

[5] *Id.* at 15.

[6] *Id.* at 16.

[7] *Id.* at 17.

## Applicable Law

**1.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[8]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[9] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[10]

---

[8] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[9] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[10] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.    Remand**

Smith requests remand of her case as to the DIB application under sentence six of 42 U.S.C. § 405(g) for the ALJ to consider "new" evidence consisting of psychiatric treatment records for the period from 2002-2005. Such new evidence may be considered only to determine whether it merits a remand.[11] "Sentence six" of 42 U.S.C. § 405(g) permits a reviewing court to remand, without ruling on the merits, if new and material evidence is submitted, and the claimant shows good cause for failing to introduce this evidence during the prior proceedings.[12]

Additional evidence is considered "new" if that evidence was "not in existence or available to the claimant at the time of the administrative proceeding."[13] To meet the "good cause" requirement, a claimant must give a valid reason for failing to obtain the evidence prior to the ALJ's decision.[14] "Materiality" is defined as a reasonable probability that the ALJ would have rendered a different decision if the evidence had been available for

---

[11] *See*, *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

[12] 42 U.S.C. § 405(g) (sentence six); *see also Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

[13] *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

[14] *Cline*, 96 F.3d at 149.

consideration.[15] The claimant bears the burden of showing that a sentence six remand is proper.[16] All three criteria must be met in order to satisfy a sentence six remand.[17]

**3.     ALJ's duty to develop the record**

Smith challenges the ALJ's decision on the ground that he failed to adequately develop the record in the hearing at which Smith represented herself. In his recent decision in *Fleming v. Commissioner of Social Security*,[18] Judge Knepp of this Court succinctly set out the law applicable to the ALJ's duty to develop the record when a claimant is acting *pro se*:

> An ALJ has a duty to develop the record because of the non-adversarial nature of Social Security benefits proceedings. *See Heckler v. Campbell*, 461 U.S. 458, 470, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The Sixth Circuit has emphasized that this duty is particularly important when a claimant is acting *pro se*. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir.1983). In *Lashley*, the Sixth Circuit explained:
>
>> [A]n [ALJ's] ... basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appears before him.... To satisfy this special duty[,] the [ALJ] ... must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.... He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.

---

[15] *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990).

[16] *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 553-54 (6th Cir. 1984).

[17] 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

[18] *Fleming o/b/o CTF v. Comm'r of Soc. Sec.*, No. 1:11 CV 2410, 2013 WL 821262 (N.D. Ohio Mar. 5, 2013).

*Id.* at 1051-52. The duty to develop the record, however, is balanced with the fact that "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir.1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). Although the Court must "scrutinize the record with care" where the claimant appears before the ALJ without counsel, the lack of counsel does not automatically result in reversal. *Lashley*, 708 F.2d at 1052. In determining whether it is necessary to remand for clarification of the record, the Court is guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice. *See Brown v. Shalala*, 44 F.3d 931, 935-36 (11th Cir.1995).[19]

### 3.     Limitations for moderate impairments in concentration, persistence, and pace

Smith argues that the ALJ's RFC finding at step four does not include sufficient limitations to address her moderate impairment in concentration, persistence, and pace. She rests this challenge on the Sixth Circuit's opinion in *Ealy v. Commissioner of Social Security*.[20]

The ALJ at step three found that Smith had moderate impairment in concentration, persistence, or pace.[21] This is consistent with the opinions of several examining psychologists[22] and the state agency reviewing psychologist.[23]

---

[19] *Id.*, at *6.

[20] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir.2010).

[21] Tr. at 11-12.

[22] *Id.* at 13-14.

[23] *Id.* at 15.

The ALJ addressed these limitations by including in the RFC finding a provision for simple, routine work involving low stress and only occasional contact with the general public, co-workers, and supervisors.[24]

In *Raymond v. Commissioner of Social Security*,[25] I discussed at some length *Ealy* and cases in this District endeavoring to apply *Ealy*. I incorporate my analysis in that decision by reference. As stated in *Raymond*, the law in this District on the application of *Ealy* is "in the developmental stage" and under certain circumstances a moderate impairment in concentration, persistence, or pace, *per se*, does not require RFC limitations beyond simple repetitive work.

> The law in this District on the proper application of *Ealy* remains in the developmental stages shown by the authorities cited by the parties in support of their respective arguments. It appears that a finding of moderate impairment in concentration, persistence, or pace, standing alone, will not render a limitation to simple repetitive work inadequate. On the other hand, a finding of speed or pace restrictions, or durational restrictions (as in *Ealy*), will necessitate greater, specific limitations in the RFC and hypothetical.[26]

This inquiry is extremely fact specific and can involve the drawing of fine distinctions.[27]

---

[24] *Id.* at 12.

[25] *Raymond v. Comm'r of Soc. Sec.*, No. 1:11CV156, 2012 WL 2872152, at *2-4 (N.D. Ohio June 4, 2012).

[26] *Id.*, at *3.

[27] *Makan v. Comm'r of Soc. Sec.*, No. 5:12 CV 31, 2012 WL 7688148 (N.D. Ohio Dec. 26, 2012) (Baughman, M.J.); report and recommendation rejected, *Makan v. Comm'r of Soc. Sec.*, No. 5:12 CV 31, 2013 WL 990824 (N.D. Ohio Mar. 7, 2013) (Gaughan, J.).

## Analysis

**1.     Remand to consider Smith's psychiatric records for 2000-2005**

Smith's argument for remand presents the following issue for decision:

In deciding Smith's DIB application, the ALJ did not consider her psychiatric treatment records for 2000 through 2005. Smith represented herself, and the ALJ did not discover those records. Does a reasonable probability exist that the ALJ would have reached a different decision based on those records?

Smith represented herself at the administrative level.[28] Smith retained counsel on judicial review of the denial of her applications.[29] Counsel first brought forward the psychiatric treatment records for 2000 through 2005 with a motion for remand filed in this Court.[30]

The argument for remand applies to Smith's DIB application only.[31] This application involves a small unadjudicated period of approximately a month and a half between November 9, 2005, and December 31, 2005.[32]

I assume arguendo that the treatment records at issue are "new" because neither the ALJ nor the Appeals Council considered them and good cause exists for not bringing them forward earlier because Smith did not have counsel at the administrative level.

---

[28] ECF # 31, Transcript of the Oral Argument of July 1, 2013 ("7/1/13 Tr.") at 3-4.

[29] *Id.* at 4.

[30] *Id.*

[31] *Id.* at 6.

[32] *Id.* at 5.

Nevertheless, those records must be material to support a remand.[33] Records are material only if a reasonable probability exists that the ALJ would have rendered a different decision based on those records.[34]

My review of those records causes me to conclude that the ALJ would not have reached a different decision on Smith's DIB application based on those records. None of the records were generated during the relatively short period at issue on the DIB application.[35] The records indicate a gap in treatment between March 2004 and January 10, 2005.[36] At the time a psychiatrist saw Smith in January of 2005, she was on no medication.[37] Smith was undertaking course work at the Cleveland Clinic but reported low energy and depressed mood.[38] The psychiatrist prescribed medication and directed a followup in four to six weeks.[39]

---

[33] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 734 (N.D. Ohio 2005).

[34] *Id.*

[35] 7/1/13 Tr. at 8.

[36] ECF # 21-1, at 35.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 36.

On March 24, 2005, Smith told her psychiatrist that she still had low energy and some depression.[40] Otherwise she had no significant symptoms.[41] The psychiatrist observed that Smith was alert and awake with no apparent distress.[42] Her thought processes appeared organized and she was goal directed.[43] Management by medication continued.[44]

On May 12, 2005, Smith told her psychiatrist that she was "doing pretty fair" on medication.[45] The psychiatrist observed that she seemed to have a bit more energy and had no significant problems with sleep or other symptoms.[46] She was finishing up her course work at Cleveland Clinic and looking for work.[47] Management by medication continued.[48]

On June 30, 2005, Smith told her psychiatrist that she completed her courses at Cleveland Clinic and had no significant side effects from her medication.[49] The psychiatrist observed that she was awake, alert, in no apparent distress, with organized and goal-directed

---

[40] *Id.* at 34.

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at 33.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 32.

thought processes.[50] She had calm and appropriate affect, fair mood, and good energy.[51] Management by medication continued.[52]

Smith's last psychiatrist appointment in the arguably relevant time period occurred on September 29, 2005.[53] She reported that she was doing fairly well, continued to have low mood, and some chronic headaches.[54] She was looking for work.[55] The psychiatrist described her as awake, alert, calm, and cooperative.[56] She exhibited organized and goal-directed thought processes and appeared calm and appropriate.[57] Management by medication continued.[58]

These records provide no basis for concluding that the ALJ would have reached a different decision had he reviewed them. They are, therefore, not material and do not support a remand.

---

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 31.

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.*

## 2. Adequacy of the ALJ's development of the record in light of Smith's self representation

Smith's challenge to the RFC finding based on the ALJ's development of the record presents this issue for decision:

> An ALJ may breach his duty to adequately develop the record, heightened when the claimant is unrepresented, if he insufficiently questions the claimant about her limitations. Here the ALJ only asked Smith one question about her limitations. Given the ALJ's finding of severe mental impairments causing moderate difficulties with concentration, persistence, and pace, did this limited question satisfy the heightened duty to develop the record?

Beyond the failure of the ALJ to identify and review the 2000 through 2005 psychiatric treatment records, Smith argues that the ALJ breached his duty to adequately develop the record by failing to adequately question her at the hearing about her limitations.[59]

An ALJ can breach his heightened duty to develop the record where the claimant is not represented at the hearing by failing to sufficiently ask questions regarding the claimant's impairments and limitations.[60] As counsel for Smith acknowledged in the argument before me,[61] there is no bright line for determining when the ALJ has failed to fulfill his duty to develop the record fully.[62]

---

[59] 7/1/13 Tr. at 10-12.

[60] *E.g.*, *Thrasher v. Comm'r of Soc. Sec.*, No. 1:12 CV 151, 2013 WL 486123, at *9-10 (S.D. Ohio Feb. 6, 2013).

[61] 7/1/13 Tr. at 10.

[62] *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983).

Here the ALJ's questioning of Smith regarding the limitations caused by her mental impairments consisted of one question.[63]

The ALJ found that Smith had severe impairments consisting of depression and anxiety disorder,[64] and these impairments caused moderate difficulties with concentration, persistence, or pace.[65] The single question asked of the unrepresented Smith at the hearing does not constitute development of the record regarding the limitations caused by the recognized impairments.

As discussed in the next section, this deficiency is exacerbated by the requirements of the Sixth Circuit in *Ealy* that the ALJ adopt appropriate limitations for an acknowledged moderate impairment in concentration, persistence, or pace.

**3.    Adequacy of the limitations incorporated into the RFC for the moderate impairment on concentration, persistence, or pace**

Smith's attack on the RFC finding confronts this Court with the following issue:

> If an ALJ acknowledges a moderate impairment or difficulty in concentration, persistence, or pace, the RFC finding must incorporate appropriate limitations caused by that impairment. Do the limitations placed in the RFC for simple, routine work involving low stress and occasional interaction with coworkers, the general public, and supervisors adequately address the acknowledged moderate difficulties with concentration, persistence, or pace?

Arguably, the ALJ's effort to address the moderate difficulties with concentration, persistence, or pace caused by Smith's mental impairments adequately accommodates those

---

[63] Tr. at 34.

[64] *Id.* at 10.

[65] *Id.* at 11.

difficulties. But as fully discussed above, the Sixth Circuit in *Ealy* requires the reviewing Court to determine if substantial evidence supports the adequacy of the limitation adopted.

Here, the record contains multiple opinions by medical sources supporting the existence of difficulties with concentration, persistence, or pace, and the ALJ followed these opinions in making the finding that Smith had such difficulties.

The ALJ did not explore to any extent in the hearing the limitations that Smith claimed she had as a result of these difficulties. He had a duty to do so because she was unrepresented.

This is a close call on this record. But on balance this case should be remanded to permit the development of a full record on the extent of limitations and for greater articulation, if appropriate, regarding the observations of the medical sources that may relate to the extent of such limitations.

## Conclusion

I recommend that the Court reverse the decision of the Commissioner denying Smith's applications and remand the case for further proceedings, with directions to develop a complete and adequate record and to reconsider the limitations in the RFC to address Smith's moderate impairment in concentration, persistence, or pace.


Dated: July 24, 2013                                s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[66]

---

[66] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).